Frederic T. Henry J,.
Pursuant to a collective bargaining agreement between the parties, a controversy was submitted for arbitration to a member of the State Board of Mediation. *970 The issue stated in the written submission was as follows: “Is the wheelabrator job properly evaluated under the contract in Labor Grade #7? If not, what shall the remedy be? ”
After a hearing, an award was made, the pertinent portion thereof being as follows: ‘ ‘ The contract requires a rating of the job ' Wheelabrator Operator ’ in Labor Grade No. 6. The contract requires the company to compute from payroll records the difference in pay on this job during the period of two-machine operation and to pay the operator or operators the back pay so computed.”
Thereafter, the employer made this motion to modify the award on the grounds that the arbitrator had exceeded his powers in making the back pay award retroactive past the date when a written grievance was presented. The argument is based on section 2(a) of article VIII of the collective bargaining agreement which states that adjustment of a grievance concerning a rate of pay shall be retroactive to the date when a written grievance was presented. By article VIII (§ 3 [c]) it is provided that arbitration shall be limited to the application and interpretation of terms, conditions and intent of the contract. It is also provided that disagreement regarding a job classification is a proper subject for arbitration and the arbitration board may make any decision that it deems proper on the basis of the facts presented. Section 3(d) states that arbitrators shall have no power to remove, alter or add to the terms and conditions of the contract.
Article II (§ 11 [a]) provides that wage payment shall be based on a job classification system and also makes express provision for arbitration of job classification disputes. Other portions of the contract define “personal rate”, “starting rate ”, “ base rate ” and “ incentive rate ”. Section 2 (a) of article VIII limits retroactive adjustments for grievances concerning rates of pay “ provided that this does not apply to an adjustment based on a misapplication or violation of any other clause of the Contract ”. Was section 2 (a) intended to limit retroactive pay awards arising from erroneous job classifications or are such adjustments an exception arising from a ‘ ‘ misapplication or violation of any other clause of the Contract ”? Is a job classification the same as a rate adjustment? The collective bargaining agreement expressly provides for interpretation of the terms and intent of the agreement by arbitration and interpretation of the agreement must be deemed to be within the scope of the controversy submitted.
In Forstmann Woolen Co. v. Rieve (141 N. Y. S. 2d 259) the contract provided that the award of the arbitrators was to *971 be effective on the first Monday after the lapse of 60 days following a written request for a revision of wages. The controversy submitted concerned a renegotiation of wage rates which was clearly within the provision of the contract as to retroactivity. Upon a motion to correct and confirm an award made retroactive past the permissible period, the matter was remitted to arbitration.
In Matter of Western Union Tel. Co. (American Comm. Assn.) (299 N. Y. 177) the court vacated an award on the grounds that "stoppages in work ’ ’ was unambiguous, as admitted by the arbitrator himself and that references to trade practices for interpretation was cause to vacate the award.
Both of these decision are to be distinguished from the case before the court. The terms of the collective bargaining agreement in this case do not lack ambiguity. Since there was a question of interpretation of the contract present, the court will not review alleged errors in the decision on questions of fact or law. (Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392.)
In view of the conclusion reached it is not important whether the petitioner is properly proceeding under section 1462-a of the Civil Practice Act for modification, or whether the remedy of an award allegedly made in excess of the arbitrator’s powers is an appropriate motion to vacate under section 1462.
The motion herein should be denied, with costs. In the absence of a motion to confirm the award, made pursuant to section 1461 of the Civil Practice Act, the court may not, at this time, confirm the award.
Submit order accordingly.